UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIA GIAMPA, ) | |
| ) | |
| Plaintiff, ) | 2:12-CV-01145-LRH-VCF |
| ) | |
| v. ) | |
| ) | ORDER |
| BRYCE C. DUCKWORTH, ESQ., *et al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This suit derives from divorce and child custody proceedings in Nevada state court. Plaintiff Victoria Giampa has sued her ex-husband, Charles Giampa, her ex-husband's former lawyers, the psychologist employed to evaluate the child, the Nevada state court and its officials, Clark County and its officials, the Nevada Attorney General, the Nevada Supreme Court, and the Nevada Legislature. Before the court are Clark County, Charles Giampa's former lawyers, and the psychologist's ("Defendants") motions to dismiss (##9, 11[1]). Victoria Giampa has responded (##18, 20, respectively), and the defendants have replied (##24, 22, respectively). Also before the court is the Report and Recommendation of the Magistrate Judge to declare Victoria Giampa a vexatious litigant (#40). Giampa has objected (#42).

///

---

[1] Refers to the court's docket number.

**I.      Facts and Procedural History**

This dispute stems from divorce and custody proceedings in Nevada state court.[2] Following an unsatisfactory resolution of these proceedings, Giampa filed a complaint in Nevada's Eighth Judicial District Court alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986, the First, Fourth, and Fourteenth Amendments, and state law against the same defendants named here. (Giampa has added one defendant to her state complaint in filing this federal action.) The state court dismissed Giampa's complaint and sanctioned her as a vexatious litigant.

This action followed. The complaint here attacks the state court judgment on two principal grounds: first, that the state court judge improperly applied Nevada's anti-Strategic Lawsuit against Public Participation ("anti-SLAPP") statute, Nev. Rev. Stat. § 41.660, in dismissing her case, and second, that the state court judge improperly sanctioned Giampa as a vexatious litigant. Giampa asserts claims under sections 1983, 1985, and 1986, the Fourteenth Amendment, and state law.

**II.     Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks

---

[2] The entire procedural history is set out in the Magistrate Judge's Report and Recommendation (#40).

omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

**III. Discussion**

**A. The Judicial Defendants**

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial actors lose immunity only where they act outside of their jurisdiction or outside of their judge-like functions. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Judicial immunity also does not extend to actions for prospective injunctive relief. *Ashelman*, 793 F.2d at 1075 (citing *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)). Furthermore, court clerks "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*,

828 F.2d 1385, 1390 (9th Cir. 1987)

Here, Giampa may not maintain an action for damages against the Nevada judges nor the state court clerks. Giampa does not allege that the judges or the clerks acted in anything but a judicial or quasi-judicial capacity in deciding her claims. Rather, Giampa's grievance derives principally from (1) an allegedly wrongly granted motion to dismiss and (2) an allegedly wrongly granted vexatious litigant motion. Both decisions were firmly within the jurisdiction of the Nevada state district court, and therefore both decisions fail to give rise to damages liability. Furthermore, by rejecting Giampa's filings, the court clerks were performing a task "integral to the judicial process"–namely, executing the state court's order to prevent Giampa from filing frivolous papers. Therefore, both the judges and the court clerks are immune from an action for damages.

To the extent that Giampa seeks an injunction against the court defendants, she asks this court to "prohibi[t] Defendants . . . from declaring Plaintiff vexatious." However, Giampa's request for injunctive relief is then a de facto appeal in which a state court loser, complaining of injuries caused by a final state court judgment, seeks federal district court review of that judgment. Under the *Rooker-Feldman* doctrine, this court does not have subject matter jurisdiction over such requests. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Therefore, Giampa's claims against the court defendants fail.

### B. The Prosecutorial Defendants

Giampa has not alleged claims against the prosecutorial defendants–two district attorneys and Nevada's Attorney General–that raise a plausible right to relief. *Iqbal*, 556 U.S. at 678. Indeed, the complaint only mentions these people once by name, and that is in the section describing the parties. (Complaint #1, pp. 6-7.) Even assuming the facts as outlined in the complaint as true, Giampa's claims never rise above an implication that, somehow, the prosecutorial defendants have conspired to deprive her of her constitutional rights. Since "labels and conclusions" will not suffice to defeat a motion to dismiss, *Iqbal*, 556 U.S. at 678, the claims against the prosecutorial defendants must fail.

4

**C. Clark County and the Eighth Judicial District Court of the State of Nevada**

Giampa's claims against Clark County and the Eighth Judicial District Court are derivative of her claims against the judicial defendants, and therefore these claims must be dismissed. The essence of her claim against Clark County, for example, is that it failed to properly supervise and train court clerks in the "filing of judicial orders." (Complaint #1 at p. 7.) Since the judicial and quasi-judicial actors are immune from liability, however, their local government employers are as well. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (holding that a prosecutor's municipal employer had absolute judicial immunity from a failure-to-train claim based upon prosecution-related decisions). Therefore, Giampa's claims against Clark County and the Eighth Judicial District Court must fail.

**D. The Nevada Supreme Court and the Nevada State Legislature**

Though Giampa has sued the Nevada Supreme Court and the Nevada State Legislature, Giampa does not specify the claims against them. To the extent Giampa's generalized allegations of conspiracy and rights-deprivation apply to these defendants, such allegations do not raise a plausible right to relief. *See Iqbal*, 556 U.S. at 678

**E. The Private Defendants**

Giampa's federal claims against her ex-husband, her ex-husband's former attorneys, and her child's psychologist will not go forward because Giampa's allegations supporting these claims are conclusory. The main thrust of these claims–lodged under 42 U.S.C. §§ 1983, 1985, and 1986–is that, in defending against the action in state court, the private defendants conspired with the judge to reach the wrong results. To the extent Giampa bases these claims on section 1983, she has not sufficiently alleged that the private parties were acting "under color of state law." 42 U.S.C. § 1983. Private parties are not generally acting under color of state law, *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991), and "[c]onclusionary allegations, unsupported by facts, have consistently been rejected as insufficient to state a claim under the Civil Rights Act," *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Thus, Giampa's conclusory accusations that the

private defendants were conspiring with the judge to deprive her of her civil rights are insufficient to state a claim under section 1983. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).[3]

To the extent Giampa alleges a claim against these defendants under 42 U.S.C. § 1985(2), this claim also fails. In relevant part, section 1985(2) prevents "two or more persons conspir[ing] for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." The "'equal protection' language of [this part of] section 1985(2) requires an allegation of class-based animus for the statement of a claim under that clause." *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (citation and quotation marks omitted). Here, however, Giampa has not alleged that the private parties denied her equal protection of the courts on the basis of her membership in a protected class. Finally, Giampa's section 1986 claim cannot survive without her section 1985 claim. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Since the section 1985 claim fails, the section 1986 claim does too.

**F. Nevada Statutes**

Construing Giampa's allegations in favor of legal sufficiency, Giampa has mounted a facial challenge to the constitutionality of Nevada vexatious litigant orders.[4] The Nevada Supreme Court has approved of sanctions for the repeated filing of frivolous motions, including barring the litigant from filing new motions without first demonstrating to the court that the proposed motion is not frivolous. *Peck v. Crouser*, 295 P.3d 586, 587 (Nev. 2013). In imposing such a sanction, a court must provide the subject litigant reasonable notice and an opportunity to be heard, the court must create an adequate record for review, the court must make substantive findings as to the frivolous

---

[3] This same conclusion applies to the extent Giampa's claims are based on the Fourteenth Amendment since the private defendants are not state actors.

[4] To the extent she challenges the state court's order as applied, this challenge is blocked by the *Rooker-Feldman* doctrine. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

1  nature of the litigant's actions, and the order must be narrowly drawn. *De Long v. Hennessey*, 912
2  F.2d 1144, 1147 (9th Cir. 1990).

3      The Nevada Supreme Court explicitly adopted *De Long*'s four-factor approach to vexatious
4  litigant orders. *See Jordan v. State ex rel. Dept. of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 44
5  (2005), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670
6  (2008). Therefore, Nevada's standard for imposing vexatious litigant orders passes constitutional
7  muster, and Giampa's facial challenge fails.

8      Finally, Giampa challenges the state court's application of Nevada's anti-SLAPP statute,
9  Nev. Rev. Stat. § 41.660. As a remedy, Giampa seeks "a declaration that, as applied to [her]," the
10 anti-SLAPP statute was improperly interpreted. But this is simply a de facto appeal from a state
11 court judgment prohibited by *Rooker-Feldman*.

12 **G.  State Law Claims**

13     Since the court has dismissed Giampa's federal claims, the court does not have original
14 jurisdiction over this action. Accordingly, Giampa's state law claims are dismissed. *See* 28 U.S.C.
15 § 1367(c).

16 **H.  Leave to Amend**

17     Giampa requests leave to amend in the event the court finds her complaint deficient.
18 However, leave to amend is properly denied "where amendment would be futile." *DeSoto v. Yellow*
19 *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Thus, leave should be granted "unless the
20 court determines that the allegation of other facts consistent with the challenged pleading could not
21 possibly cure the deficiency."

22     Here, amendment is futile. Giampa's complaint addresses two main themes from a variety
23 of different angles: that the state court erred in sanctioning her as a vexatious litigant, and that the
24 state court erred in deciding against her on Defendants' earlier motion to dismiss. Neither of these
25 grievances is properly remediable in this court. Therefore, leave to amend is denied.
26 ///

## I. Magistrate Judge's Report and Recommendation

Magistrate Judge Ferenbach has recommended that Giampa be deemed a vexatious litigant under 28 U.S.C. § 1651(a). Having conducted a *de novo* review of this recommendation, and finding the Magistrate Judge's recommendation in compliance with *De Long v. Hennessey*, the court agrees. Accordingly, the Magistrate Judge's Report and Recommendation (#40) is adopted by this court.

## IV. Conclusion

For the reasons given above, Giampa's claims fail, and her complaint must be dismissed.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (##9, 11) are GRANTED.

IT IS FURTHER ORDERED that Giampa's Complaint (#1) is DISMISSED.

IT IS FURTHER ORDERED that Victoria Giampa is deemed a vexatious litigant under 28 U.S.C. § 1651(a). If Victoria Giampa intends to file any papers with the court relating to her divorce and/or child custody proceedings against the defendants named in the instant complaint, she must first seek leave of the Court.

IT IS FURTHER ORDERED that Giampa's request for leave to amend is DENIED.

IT IS SO ORDERED.

DATED this 2nd of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE